UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VOCHATZER,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW ATCHLEY, WARDEN,[1]<br><br>Respondent. | No. 2:20-cv-1156 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writs of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, Matthew Atchley, Acting Warden of Salinas Valley State Prison (SVSP), is substituted as respondent herein.

Advisory Committee Notes to Rule 4 provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Rule 4, Advisory Committee Notes (1976 Adoption) (citation omitted).

In the instant case, petitioner challenges his 2006 conviction and 28-year sentence reached by plea agreement in the Yolo County Superior Court. ECF No. 1 at 2. Petitioner seeks relief in this court "due to multiple new case laws [rendering] my sentence . . . unlawful – new court decisions pertaining to prison priors, enhancements, great bodily injury, gang, etc., and combinations of enhancements law changes [sic] invalidate my prison sentence." Id. at 3. Petitioner states that he did not previously pursue this matter on appeal because it is based on "new sentence reform," and he declined to answer the question on the form petition whether he pursued this matter in the state courts on collateral review. Id. at 5. Petitioner skipped to answer Item No. 15, as directed if he did not pursue collateral review. Id. at 5, 6.

Review of the Case Information website operated by the California Appellate Courts and California Supreme Court demonstrates that petitioner has pursued only one post-conviction case in the state courts.[2] That case, filed May 19, 2015 in the Third District Court of Appeal, was an appeal of the Yolo County Superior Court's May 1, 2015 decision denying plaintiff's request for a sentence reduction. The remittitur issued February 18, 2016, more than four years ago. Petitioner did not pursue further relief in the California Supreme Court.

The petition and relevant court records demonstrate that petitioner is entitled to neither tolling of the one-year limitations period nor a stay for the purpose of belatedly exhausting his state court remedies. Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). There is no statutory tolling for the period between a final state court

---

[2] See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1  decision and the filing of a federal petition, <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), and a
2  petitioner cannot obtain equitable tolling without demonstrating that he pursued his rights
3  diligently.  <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010).  No tolling is permitted after the
4  limitations period has run.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000).  Similarly, the
5  requirements for obtaining a stay of a wholly unexhausted federal petition include demonstration
6  of good cause for petitioner's failure to previously exhaust and a showing that petitioner was not
7  intentionally dilatory.  <u>See</u> <u>Mena v. Long</u>, 813 F.3d 907, 910 (9th Cir. 2016) (citing <u>Rhines v.</u>
8  <u>Weber</u>, 544 U.S. 269, 278 (2005)).

9         Petitioner's statements in the instant petition conceding the failure to exhaust his putative
10  sentence-reduction claim in the California Supreme Court, together with the four-year delay in
11  seeking federal court relief, demonstrate that the petition may not be entertained in this court.
12  Moreover, the petition seeks relief on the basis of changes in law that are entirely creatures of
13  California state sentencing reform, which do not give rise to any cognizable claim that
14  petitioner's conviction and sentence violate his federal rights.  <u>See</u> 28 U.S.C. 2254(a) (federal
15  habeas review limited to claims that custody violates the Constitution or laws of the United
16  States); <u>see also</u> <u>Swarthout v. Cooke</u>, 562 U.S. 216, 222 (2011) (mere errors of state law do not
17  amount to constitutional violations); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985)
18  (federal habeas relief is unavailable to remedy violations of state sentencing law).  For all these
19  reasons, the undersigned recommends that the instant case be dismissed.  <u>See</u> Rule 4 (summary
20  dismissal required if "it plainly appears from the petition . . . that the petitioner is not entitled to
21  relief in the district court").

22         Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to:
23         (1) substitute SVSP Warden Matthew Atchley as the respondent in this case, <u>see</u> n.1,
24  supra; and
25         (2) randomly assign a district judge to this action.
26         Further, IT IS HEREBY RECOMMENDED that this case be dismissed.
27         These findings and recommendations are submitted to the United States District Judge
28  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21)

days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE